**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| AL M WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-57-SDJ-KPJ |
| | § | |
| BRYAN OF LADERA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions:

- Plaintiff Al M Williams's ("Plaintiff") Motion for Jury Trial and Evidentiary Hearing on Breach [of] Contract Claims (the "Motion for Jury Trial") (Dkt. 26);

- Plaintiff's Request for Copies (the "Motion for Copies") (Dkt. 30); and

- Plaintiff's Motion [for] Leave to File Supplemental Addendum (the "Motion to Supplement Pleading") (Dkt. 32) (collectively, the "Motions") (Dkts. 26; 30; 32).

Defendants Bryan of Ladera, Ladera Maintenance Staff, Daniel Paz ("Mr. Paz"), and Judy McMahon ("Ms. McMahon") (collectively, "Defendants") did not respond to the Motions (Dkts. 26; 30; 32). For the reasons that follow, the Motion for Jury Trial (Dkt. 26) is **DENIED AS MOOT**, the Motion for Copies (Dkt. 30) is **DENIED WITHOUT PREJUDICE**, and the Motion to Supplement Pleading (Dkt. 32) is **DENIED**.

**I.      BACKGROUND**

On January 26, 2022, Plaintiff, proceeding *pro se*, initiated this lawsuit by filing a complaint (the "Complaint") (Dkt. 1) against Defendants. *See* Dkt. 1 at 4. According to Plaintiff, he was unlawfully evicted from his home in violation of his due process rights. *See id.* That same day, Plaintiff filed the Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion to Proceed in Forma Pauperis") (Dkt. 2). *See* Dkt. 2. On August 10, 2022, the Court

1

granted the Motion to Proceed in Forma Pauperis (Dkt. 2) and conducted screening pursuant to 28 U.S.C. § 1915. During the screening, the Court found that the Complaint (Dkt. 1) was deficient and, on this basis, ordered Plaintiff to file an amended complaint, if any, rectifying the deficiencies. *See* Dkt. 4 at 3–6.

On September 21, 2022, Plaintiff filed an amended complaint (the "First Amended Complaint") (Dkt. 6).[1] *See* Dkt. 6. According to Plaintiff, this case arises from a prior lawsuit during which Plaintiff sought emergency injunctive relief due to the Covid-19 pandemic. *See* Dkt. 6 at 1. According to Plaintiff, the parties "attempted to settle that litigation" but, as a result of "false promises and threats," there was "no meeting of the minds." *Id.* Once that settlement fell apart, Plaintiff alleges that Defendants "retaliated by filing a wrongful eviction [action] ousting . . . [P]laintiff from his own home." *Id.* Based on this purportedly wrongful eviction, Plaintiff asserts a number of claims arising under 42 U.S.C. § 1983, as well as several state law claims.[2] On September 28, 2022, one week after filing the First Amended Complaint (Dkt. 6), Plaintiff filed an addendum to his factual allegations (the "First Addendum") (Dkt. 7), wherein Plaintiff sought to add a "malicious abuse of legal process" claim against Defendants arising out of the eviction. *See* Dkt. 7 at 1. On February 7, 2023, Defendants filed an answer (the "Answer") (Dkt. 16). *See* Dkt. 16.

---

[1] Plaintiff also filed a document labeled on the docket sheet as the "Amended Complaint." *See* Dkt. 5. This document does not appear to be a complaint, and it is unclear why it was docketed as such.

[2] It is unclear exactly which claims Plaintiff is asserting. First, Plaintiff does not label each claim and instead lists legal concepts like "deliberate indifference," "retaliation," and "violation of due process." *See* Dkt. 6 at 2–3. While these claims appear to arise under § 1983, they have no such designation. Second, all of Plaintiff's state law claims are contained within the same count. *See id.* at 4–6. Thus, at first glance, there appears to be only one claim. But upon closer examination, Plaintiff asserts several state law claims, including "rescission," breach of contract, negligence, and "outrage." The Court notes that "[r]escission is a remedy only, and not an independent cause of action." *E.g.*, *Kreway v. Countrywide Bank, FSB*, No. 15-ca-332, 2015 WL 11622495, at *5 (W.D. Tex. July 21, 2015) (citing *Cantu v. Guerra & Moore, Ltd., LLP*, 328 S.W.3d 1, 8 (Tex. App.—San Antonio 2009, no pet.)), *R. & R. adopted*, 2015 WL 11622496 (W.D. Tex. Aug. 7, 2015), *aff'd*, 647 F. App'x 437 (5th Cir. 2016). Likewise, "'outrage' is not a recognized cause of action." *E.g.*, *McCastle v. United States*, No. 15-cv-420, 2016 WL 7626572, at *2 n.1 (E.D. Tex. Nov. 15, 2016), *R. & R. adopted*, 2016 WL 7636686 (E.D. Tex. Dec. 30, 2016).

On September 7, 2023, Plaintiff filed the Motion for Jury Trial (Dkt. 26), wherein Plaintiff requested an "evidentiary hearing to determine if an enforceable agreement ever existed." Dkt. 26. On October 12, 2023, Plaintiff filed the Motion for Copies (Dkt. 30), wherein Plaintiff asked the "Court to respect [his] pauper order to include photocopies." Dkt. 30. On December 1, 2023, the Court issued the Scheduling Order (Dkt. 31), which set this matter for a trial before the District Judge between January 2, 2025 and January 31, 2025. Dkt. 31 at 4.[3] On January 29, 2024, Plaintiff filed the Motion to Supplement Pleading (Dkt. 32), which included no explanation other than the title of the document. *See* Dkt. 32. That same day, Plaintiff filed another addendum (the "Second Addendum") (Dkt. 33) to his First Amended Complaint (Dkt. 6), which, similar to the First Addendum (Dkt. 7), sought to add a "malicious abuse of legal process" claim against Defendants arising out of the eviction. *See* Dkt. 33 at 1.

## II.     LEGAL ANALYSIS

### A.     Motion for Jury Trial

In the Motion for Jury Trial (Dkt. 26), Plaintiff requests that this matter be set for a jury trial or evidentiary hearing. *See* Dkt. 26. However, the Court has since issued the Scheduling Order (Dkt. 31), which set a trial date. *See* Dkt. 31 at 4. Because the relief requested by Plaintiff has already been granted, the Motion for Jury Trial (Dkt. 26) is **DENIED AS MOOT**.

### B.     Motion for Copies

In the Motion for Copies (Dkt. 30), Plaintiff requests that the Court "respect [his] pauper order to include photocopies." Dkt. 30. Plaintiff provides no additional context or explanation for the requested relief. *See id.* Without additional information, the Court cannot decipher Plaintiff's request. For this reason, the Motion for Copies (Dkt. 30) is **DENIED WITHOUT PREJUDICE**.

---

[3] Despite multiple orders directing the parties to confer and file a proposed scheduling order, they never did so. *See* Dkts. 21; 23. Thus, the Court entered the Scheduling Order (Dkt. 31), which included its standard deadlines.

3

If Plaintiff wishes to renew this request, he shall file an appropriate motion and explain with specificity the relief sought, as well as the basis for the requested relief.

**C.     Motion to Supplement Pleading**

In the Motion to Supplement Pleading (Dkt. 32), Plaintiff does not include any explanation of the relief sought. *See* Dkt. 32. However, as Plaintiff filed the Second Addendum (Dkt. 33) immediately thereafter, it appears that Plaintiff is seeking leave to add a "malicious abuse of legal process" claim to his First Amended Complaint (Dkt. 6). *See* Dkt. 33. Rule 15 of the Federal Rules of Civil Procedure contemplates the amendment of pleadings before, during, and after trial. FED. R. CIV. P. 15(a)–(b). Rule 15 also permits a party to supplement his pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Once the pleading has been supplemented, "[t]he court may order that the opposing party plead to the supplemental pleading within a specified time." *Id.*

In the present case, Plaintiff has not sought leave to amend the First Amended Complaint (Dkt. 6). *See* Dkt. 33. Instead, Plaintiff seeks to supplement the First Amended Complaint (Dkt. 6) by adding a new claim. *See id.* This is plainly beyond the scope of Rule 15(d) because the events giving rise to the new claim occurred before the filing of the First Amended Complaint (Dkt. 6). *See* FED. R. CIV. P. 15(d) (applying to events that "happened after the date of the pleading to be supplemented"). In any event, permitting the filing of the Second Addendum (Dkt. 33) would add unnecessary confusion by introducing multiple live pleadings. For these reasons, the Motion to Supplement Pleading (Dkt. 32) is **DENIED**. However, Plaintiff is free to file an appropriate motion seeking leave to amend the First Amended Complaint (Dkt. 6).[4]

---

[4] If Plaintiff seeks leave to file an amended pleading, that motion "should be filed separately and immediately before the document for which leave is sought." LOC. R. CV-7(k).

4

### III.   CONCLUSION

For the foregoing reasons, the Motion for Jury Trial (Dkt. 26) is **DENIED AS MOOT**, the Motion for Copies (Dkt. 30) is **DENIED WITHOUT PREJUDICE**, and the Motion to Supplement Pleading (Dkt. 32) is **DENIED**.

**So ORDERED and SIGNED this 30th day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE